HARRISON STAVE COMPANY v. ROCKHILL.

4-4708

Opinion delivered June 28, 1937.

*S. W. Woods,* for appellants.

*Shouse & Walker,* for appellees.

GRIFFIN SMITH, C. J. Appellant corporation was organized in March, 1934, by E. Rockhill, Howard F. Kingsley, and F. W. Evans, with an authorized capital stock of $10,000, one-half of which was paid in. The board of directors was composed of the incorporators, with Kingsley as president, Evans as vice-president, and Rockhill as secretary-treasurer.

Kingsley and Rockhill were actively connected with the company's business of manufacturing staves. Each was authorized to draw a salary of $200 per month. The venture was not successful, and about July 20, 1934, the plant was closed. Kingsley agreed in writing that his salary should cease after July 31, and Rockhill in like manner agreed to waive compensation after August 31.

Early in September the directors agreed upon a program of liquidation. In the meantime Kingsley and Evans had gone to Joplin, Missouri, and on September 12 Rockhill met them there in conference. Rockhill testified by deposition that at the Joplin meeting Kingsley advised against a resumption of operations, and said that Evans was in substantial accord with this view.

Shortly after returning to Harrison, Rockhill began operating the plant.

On December 8, 1934, Rockhill filed complaint in the chancery court, alleging that Evans and Kingsley were insolvent; that they were nonresidents of Arkansas; that they had determined the corporation should cease to do business and were threatening to remove assets of the company; that they had issued call for a meeting of stockholders to be held December 10 for the purpose of removing complainant (Rockhill) from the office of secretary and treasurer, and that unless restrained from carrying out these purposes, the business would be adversely affected. There was a prayer that a receiver be appointed. The complaint named the Har-

rison Stave Company, Inc., and F. W. Evans and H. F. Kingsley as defendants.

On December 13, 1934, answer was filed by the Stave Company, F. W. Evans and H. F. Kingsley. In passing on Rockhill's petition, the court found that a receiver should be appointed, and designated M. F. Franklin. Rockhill filed with the court a claim for $400, requesting that he be allowed one-half of his regular salary for September and October, and full salary for November, 1934. He stated that "Said services were of said reasonable value to the company and were necessary for the preservation and protection of the interests of said company." Mrs. Rockhill filed claim for $262.50, alleging that she was entitled to $35 per month from May 1 to December 1, 1934, as compensation for keeping books. A claim for $44.55 was filed by Estes Bros. Machine Shop.

On December 2, 1935, the court made findings as to the claims of Rockhill and his wife, saying: "The court is of the opinion that these claims are not now properly before the court, the court holding that the same should first be presented to the receiver and acted upon by the receiver to the end that the court may have the benefit of the receiver's investigation and advice upon the same. The court is therefore of the opinion that these claims should be dismissed without prejudice."

Thereafter, the claims were presented to the receiver, and disallowed, and were then filed with the chancery court clerk. On September 4, 1936, the receiver filed separate answers to the Rockhill claims, asking that the court reject them.

On December 28, 1936, the court handed down a vacation decree, directing the receiver to pay the Rockhill claims and the claim of Estes Bros. On December 31 the decree of the 28th was superseded, the clerk having been directed by letter to disregard the former decree and enter a substituted decree. In the decree dated December 31 it is recited that the claimants, Florence E. Rockhill, E. Rockhill, and Estes Bros., each objected to the order and decree of the court for the reason

that it did not properly state the record upon which the cause was submitted, "in that no answer or other pleading was filed by the defendants F. W. Evans, H. F. Kingsley, and Harrison Stave Company; that no depositions were taken and filed by any of said defendants on the cause herein; that the depositions of Florence E. Rockhill, E. Rockhill, and J. W. Johnson, taken on May 22, 1936, was the only evidence properly before the court; that by reason of the failure of said defendants Evans and Kingsley to plead herein they are strangers to the record and have no rights herein."

The defendants, Harrison Stave Company, and Kingsley and Evans, duly excepted to that part of the decree directing the receiver to pay the controverted items of $400, $262.50, and $44.55, and were granted this appeal.

Appellees contend that because the Harrison Stave Company and Kingsley and Evans did not file additional pleadings after the chancellor ruled that the Rockhill claims should be dismissed without prejudice, these parties cannot appeal from the decree denying the receiver's petition that the claims be disallowed.

In other words, it is the theory of appellees that if appellants were dissatisfied with the order of December 2, 1935, they should have appealed from such adverse ruling; or, in the alternative, when the claims were filed with the clerk, appellants should have answered; or, when the receiver filed answer, they should have intervened, or should have had themselves named as parties to the action.

Appellees, therefore, ask that the appeal be dismissed because, as a matter of law, appellants have no place in this record; or, secondly, if this motion is not sustained, that the judgments in favor of E. Rockhill, Mrs. Florence E. Rockhill, and Estes Bros. Machine Shop, be affirmed on their merits.

The original suit filed by E. Rockhill named the Harrison Stave Company, F. W. Evans and H. F. Kingsley, as defendants. In filing his claim E. Rockhill alleged that the indebtedness was that of the Harrison

Stave Company. Mrs. Florence Rockhill's claim was filed against the corporation, and not against Kingsley and Evans. The demand of Estes Bros. Machine Shop was also presented as a debt of the corporation.

The joint answer of the corporation and Kingsley and Evans, filed December 13, 1934, contains an allegation that F. W. Evans supplied $2,700 of the original capital; that $2,300 was borrowed, but that no part of the total capital of $5,000 paid in was furnished by Rockhill. It is shown elsewhere in the record that a second-hand mill was purchased for $2,250, and that, presumably, $2,750 of the money actually paid in for stock was available when operations began. These allegations are sustained by the proof.

It is true that the court, on December 2, 1935, dismissed the Rockhill claims with the explanation that they should be referred to the receiver for his recommendations. Thereafter, on September 4, 1936, the receiver filed an answer to the claim of E. Rockhill. It recites that the claim for $400 was rejected because the board of directors of the Harrison Stave Company "Closed down operations in July, 1934, for the reason that the corporation was losing money, and that in September said board of directors ordered that said plant be closed permanently and that the affairs of the company be liquidated, and that under said order the mill was dismantled, and the order was not rescinded." The releases executed by Kingsley and Rockhill are then mentioned. There is this further allegation: "Said Rockhill, in violation of law, the by-laws and constitution of said corporation, and in violation of the actions of the board of directors, attempted to resume operations and to charge said corporation for services during the time said mill and business were closed down. That the corporation had to its credit when the business was closed down permanently the sum of $325 and that said Rockhill dissipated such money illegally in trying to illegally resume business."

An answer by the receiver to the claim of Mrs. Rockhill, filed September 4, 1936, contained a denial that

she had rendered any services at the request of the board of directors.

Although the Harrison Stave Mill as a corporate entity, and Kingsley and Evans as individuals, did not appeal from the order of December 2, 1935, the receiver, acting in the interest of the corporation, and as an officer of the court, filed his answer, protesting against allowances.

The cause, by agreement, having been submitted at a regular term of the court, was retained by the chancellor until December 28, 1936. The chancellor then transmitted his decree to the clerk, allowing the Rockhill claims, and that of Estes Bros. Machine Shop. This decree shows indorsement of attorneys for appellees, and it likewise shows that the Harrison Stave Company *et al.*, are defendants. It is apparent that this decree was not brought to the attention of appellants before being filed, and this, inferentially, accounts for the fact that a second decree was entered on December 31—three days later.

The decree of December 28 is styled: "E. Rockhill, plaintiff, v. Harrison Stave Company *et al.*, defendants." The decree of December 31 is styled: "E. Rockhill, plaintiff, v. Harrison Stave Company, H. F. Kingsley, and F. W. Evans, defendants; Mrs. E. Rockhill, and Estes Bros., interveners."

Attorneys for appellees approved and indorsed the first decree, in which the Harrison Stave Company and others were named as defendants. They dissent from the second decree on the ground that no answer or other pleadings were filed by either Evans, Kingsley, or the corporation on issues raised subsequent to the chancellor's order of December 2, 1935, nor subsequent to or in connection with the answer of the receiver, filed September 4, 1936.

A complete answer to these objections is that appellees who now object to the decree of December 31 had indorsed the decree of December 28, in which the Harrison Stave Company *et al.*, were recognized as defendants. They are, therefore, estopped to deny their own

approving acts, or to complain because the results have supplied the adverse parties with a means of appeal.

The cause should be reversed on its merits. It is not denied by appellee Rockhill that he agreed to waive his salary after August 31. By express language the claim he has filed shows that it is for salary. An attempt is made to classify the demand as one for reasonable compensation for services which necessity required should be rendered in the interest of the corporation. Although Rockhill insists that the Joplin meeting, attended by himself, Kingsley, and Evans, was not a board meeting, the effect of what was done is not changed through failure of Rockhill to call it such. It is admitted that the three held all of the stock; that they were the corporation officers, and that they likewise comprised the full membership of the board of directors, and that they met for the purpose of discussing affairs of the company. Rockhill testified that "at that time I was holding out to continue operation of the mill. Mr. Kingsley was against it and Mr. Evans, I think, was more or less against it, too. The last thing I said was to tell them I was going to insist on the operation of the mill, and that was about all there was to it."

E. Rockhill's own testimony is conclusive of the proposition that two-thirds of the directors opposed a resumption of mill operations. In disregarding the wishes of his associates he acted arbitrarily, and equity will not, in these circumstances, permit a recovery.

The weight of evidence is against the claim interposed by Mrs. Florence E. Rockhill, and it should be denied.

It is admitted that E. Rockhill and a business associate named Johnson personally paid the claim of Estes Bros. Machine Shop, and took an assignment. Johnson is not a party to this action. The rule that equity will not permit one to recover as an incident to his own wrongdoings will preclude a recovery by Estes Bros. here for the benefit of E. Rockhill.

The decree is reversed, with directions that the receiver be directed to disallow the three claims.